IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **KEVIN C. BETSKOFF,** | * |
| Plaintiff, | * |
| v. | *     Case No.: PWG-18-2133 |
| **DIANE S. ROSENBERG & ASSOCS., LLC,** *et al.*, | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

On September 22, 2006, Plaintiff Kevin Betskoff refinanced his mortgage and obtained a $436,500.00 loan secured by the real property he owned at 3423 Nottingham Road, Westminster, Maryland 21157 (the "Property"). Compl. ¶ 9, ECF No. 1; Pl.'s State Ct. Countercl. ¶¶ 14, 17, 19, ECF No. 12-4.[1] In about 2008, Betskoff no longer could "make the requested mortgage payments," due to a "decline in [his] income and [an] increase in monthly mortgage payments throughout the repeated transfers of his mortgage servicing and ARM adjustments." Pl.'s State Ct. Countercl. ¶ 27. Diane Rosenberg and her associates at Diane S. Rosenberg and Associates, LLC, as Substitute Trustees, initiated a foreclosure action against Betskoff in Carroll County

---

[1] For the purposes of resolving Defendants' motion to dismiss, I accept the facts alleged in Betskoff's Complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). I also take judicial notice of the state court records for the Foreclosure Action. *See* Fed. R. Evid. 201(b); *see also Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) ("[A] court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000)); *Dyer v. Maryland State Bd. of Educ.*, 187 F. Supp. 3d 599, 608 (D. Md. 2016) ("[E]ven at the pleading stage, the Court 'may take judicial notice of matters of public record, including court and administrative filings.'" (quoting *Fakhoury v. Great N. Ins. Co.*, No. WDQ–12–0268, 2012 WL 1554487, at *1 n.1 (D. Md. Apr. 30, 2012)), *aff'd*, 685 F. App'x 261 (4th Cir. 2017).

Circuit Court, Case No. 06-C-13-064213 (the "Foreclosure Action"), Compl. ¶ 9, resulting in the sale of the Property and a state court Final Order of Ratification, State Ct. Docket, http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=06C13064213&loc=61&detailLoc=ODYCIVIL. Betskoff, who is proceeding without counsel, then filed this lawsuit against Diane Rosenberg and Diane S. Rosenberg and Associates, LLC ("Substitute Trustees"), challenging their conduct in conjunction with the foreclosure on his Property. Compl.

Currently pending is the Substitute Trustees' Motion to Dismiss, ECF No. 12, which the parties fully briefed, ECF Nos. 12-1, 14, 15. A hearing is not necessary. *See* Loc. R. 105.6. Because *res judicata* bars Betskoff's claims against the Substitute Trustees, I will dismiss the case without reaching the alternative grounds Defendants raise for dismissal.

## Background

The Substitute Trustees filed the Foreclosure Action against Betskoff in Carroll County Circuit Court on June 21, 2013. State Ct. Docket. In response, Betskoff filed a third-party complaint and counterclaims against them on August 19, 2013,[2] both of which the state court dismissed with prejudice on April 3, 2014. *Id.* The court issued an order declaring that its dismissal was a final order under Maryland Rule 2-602(b). *Id.* Betskoff filed an appeal to the Court of Special Appeals on April 28, 2014, and the Maryland intermediate court affirmed the state circuit court on June 10, 2015, *id.*; *see Betskoff v. Rosenberg*, No. 0380 (Md. Ct. Spec. App. June 10, 2015) (unreported), ECF No. 12-5. Betskoff filed a petition for writ of certiorari to the Maryland Court of Appeals, which was denied on September 23, 2015. State Ct. Docket.

---

[2] He also filed a motion to dismiss on December 3, 2013, which the court denied on April 3, 2014 and motions to stay on February 18, 2014 and April 14, 2014, which the court denied on June 27, 2014. State Ct. Docket.

Betskoff filed another motion to dismiss the Foreclosure Action on May 22, 2017, which the court denied on July 12, 2017. *Id.* Then, on March 7, 2018, he removed the Foreclosure Action to this Court. *Id.*; *see Rosenberg v. Betskoff*, No. GLR-18-672 (D. Md.). Following the removal, the Substitute Trustees sold the Property and filed a Notice of Report of Sale in state court on March 27, 2018. State Ct. Docket. After this Court determined that it did not have jurisdiction over the Foreclosure Action and remanded the case to state court on April 25, 2018, ECF No. 29 in GLR-18-672, the state court issued a Final Order of Ratification on May 14, 2018, State Ct. Docket. Betskoff filed a petition to set aside the foreclosure sale in state court on May 23, 2018, which the court denied on July 2, 2018. State Ct. Docket.

At that point, when the state court had issued a Final Order of Ratification but the Foreclosure Action remained open, Betskoff filed his Complaint in this Court against the Substitute Trustees on July 12, 2018, alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), as well as state law claims arising from the foreclosure of his Property. Compl.[3]

Meanwhile, he continued to file motions in the Foreclosure Action. On July 23, 2018, he filed a motion for sanctions in state court, which the court denied on August 3, 2018. State Ct. Docket. On August 15, 2018, he filed both a motion for reconsideration in the state circuit court

---

[3] He also sought "a declaration on his behalf that the Defendant has acted unlawfully when acting as a debt collector in the state of Maryland" and "injunctive relief to prevent further violations of law, including a preliminary or permanent injunction and [an] immediate order [that] the state court . . . set aside the foreclosure sale and stop all collection activity." *Id.* at 10. The Court issued an order denying this relief on August 7, 2018, pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283. Although he states in passing that the denial "should be reconsidered," Pl.'s Opp'n 2, he has not filed a pre-motion letter regarding a motion for reconsideration. *See* Ltr. Order re Filing Motions, ECF No. 3. Moreover, he has not demonstrated grounds for reconsideration. *See* Fed. R. Civ. P. 54(b) (reconsideration of non-final order); *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014) (noting grounds for reconsideration of non-final order).

and an appeal to the Court of Special Appeals. *Id.* The state circuit court denied the motion for reconsideration on September 13, 2018, and Betskoff supplemented his appeal on October 4, 2018. *Id.* The state circuit court issued an order granting possession of property, and Betskoff filed a motion for reconsideration on October 31, 2018, which the court denied on November 30, 2018. *Id.* On April 4, 2019, the Court of Special Appeals dismissed his appeal. *Id.*

## Standard of Review

The Substitute Trustees move to dismiss pursuant to Rule 12(b)(6), under which Betskoff's pleadings are subject to dismissal if they "fail[ ] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678." *Moore v. Jordan*, No. TDC-16-1741, 2017 WL 3671167, at *4 (D. Md. Aug. 23, 2017).

Rule 12(b)(6)'s purpose "is to test the sufficiency of a [claim] and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). If an affirmative defense, such as *res judicata*, "clearly appears on the face of the [pleading]," however, the Court may rule on that defense when considering a motion to dismiss. *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL

4

6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (citation and quotation marks omitted)).

**Discussion**

Betskoff brings a federal statutory claim under the FDCPA and state tort claims of fraud and negligence against the Substitute Trustees. Compl. ¶¶ 35–57. In response, Defendants raise the affirmative defense of *res judicata*, and they argue in the alternative that Betskoff fails to state a claim. Defs.' Mem. 1. When, as here, federal court litigants assert that a state court judgment has preclusive effect, "[the] federal court must give to [the] state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under Maryland law, *res judicata*, or claim preclusion, provides grounds for dismissal if a defendant establishes that "(1) the present parties are the same or in privity with the parties to the earlier dispute, (2) the claim presented is identical to the one determined in the prior adjudication, and (3) there has been a final judgment on the merits." *Capel v. Countrywide Home Loans, Inc.*, No. WDQ-09-2374, 2010 WL 457534, at *3 (D. Md. Feb. 3, 2010) (citing *Anne Arundel County Bd. of Educ. v. Norville,* 887 A.2d 1029, 1037 (Md. 2005)).

   *1. Same parties*

In the Foreclosure Action, Betskoff was a defendant and Diane S. Rosenberg was a plaintiff.[4] Here, Betskoff sues Diane S. Rosenberg and Diane S. Rosenberg and Associates, LLC.

---

[4] The Substitute Trustees also named another defendant in the Foreclosure Action, but she is not a part of this litigation. Neither are the other plaintiffs who appeared in state court.

5

The Substitute Trustees argue that the parties are the same, Defs.' Mem. 5, and Betskoff does not dispute this fact, *see* Pl.'s Opp'n 10–12.

   *2. Same claims*

Under Maryland law, courts apply the transaction test to determine whether claims are identical. *See Kent Cty. Bd. of Educ. v. Bilbrough*, 525 A.2d 232, 238 (Md. 1987). "Under the transaction test, a 'claim' includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the claim arose." *Boyd v. Bowen*, 806 A.2d 314, 325 (Md. Ct. Spec. App. 2002) (citing *FWB Bank v. Richman*, 731 A.2d 916, 928 (Md. 1999)). Notably, *res judicata* bars not only claims from the original litigation, but also other claims that could have been brought in the original litigation. *Id.* (citing *Gertz v. Anne Arundel Cty.,* 661 A.2d 1157, 1161 (Md. 1995)). This Court consistently has held that *res judicata* bars collateral attack on foreclosure judgments. *See Prudencio v. Capital One, N.A.*, No. PWG-16-2693, 2016 WL 6947016, at *3 (D. Md. Nov. 28, 2016) (concluding that the second element was satisfied because "all of Plaintiffs' present claims" of violations of the FDCPA, the RESPA, and RICO; negligence; breach of fiduciary duties; fraud and misrepresentation; civil conspiracy; and intentional infliction of emotional distress "could have been raised in the foreclosure action"); *Jones v. HSBC Bank USA, N.A.*, No. RWT 09CV2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011) (holding that claims for violations of the FDCPA, breach of fiduciary duty, and fraud could not be brought in this Court, as the claims could have been raised in the foreclosure proceeding), *aff'd*, 444 F. App'x 640 (4th Cir. 2011); *Anyanwutaku*, 85 F. Supp. 2d at 571 (concluding that plaintiff's claims for, *inter alia*, illegal foreclosure, fraud and misrepresentation, and conspiracy were barred by *res judicata* as the claims concern the same transaction).

As noted, Betskoff claims that Defendants violated the FDCPA and are liable for fraud and negligence. He contends that "[t]he state court is without jurisdiction to make a final judgment on the merits in this case involving the parties," as "[a] violation of the Fair Debt Collections Practices Act by its very nature is within the purview of the federal courts and if it were brought in a state court action it could easily be removed to the U.S. District Court as it is an issue of federal question." Pl.'s Opp'n 10. The FDCPA is indeed a federal statute that gives rise to this Court's federal question jurisdiction, but federal question jurisdiction is not exclusive unless the statute giving rise to jurisdiction explicitly so states (which the FDCPA does not). *See* 28 U.S.C. §§ 1331, 1441; 15 U.S.C. § 1692 *et seq.*; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378 (2012) ("In cases 'arising under' federal law, we note, there is a 'deeply rooted presumption in favor of concurrent state court jurisdiction,' rebuttable if 'Congress affirmatively ousts the state courts of jurisdiction over a particular federal claim.'" (quoting *Tafflin v. Levitt,* 493 U.S. 455, 458–459, (1990)). Therefore, state courts may decide claims for violations of the FDCPA, even though the claims are removable to federal court. *See Mims*, 565 U.S. at 378. Moreover, for a case to be properly removed to federal court, "the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed . . . . It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Herman v. Lincoln Nat'l Life Ins. Co.*, 842 F. Supp. 2d 851, 853 (D. Md. 2012) (quoting *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326–27 (5th Cir. 1998)).

Betskoff also argues that "nothing is conclusive between the parties and nothing in this case has been previously litigated." Pl.'s Opp'n 10. Yet, as noted, the question not whether he brought the same claims in state court but rather whether he could have done so. *See Boyd*, 806 A.2d at 325. Underlying all of Betskoff's claims is his allegation that the Substitute Trustees

7

wrongfully foreclosed on his Property by using allegedly fraudulent documents to convince the state court that foreclosure was the proper result. Compl. ¶¶ 9–11, 17–20. Thus, the state court Foreclosure Action and the present case relate to the same transaction or occurrence: Betskoff's mortgage loan and subsequent loss of his Property through foreclosure. Therefore, all of Betskoff's present claims could have been raised in the foreclosure action. *See Prudencio*, 2016 WL 6947016, at *3 (FDCPA and RESPA claims and state tort claims could have been brought in foreclosure action); *Bullock v. Ocwen Loan Servicing, LLC*, No. PJM-14-3836, 2015 WL 5008773, at *5 (D. Md. Aug. 20, 2015) (finding that plaintiff's FDCPA and RESPA "statutory claims [we]re premised on [plaintiff's] contention that the Defendants lacked the legal authority to enforce the note and deed of trust" and therefore "the statutory claims ar[o]se out of the same series of transactions" as the state foreclosure action and were barred under *res judicata*); *McCreary v. Benificial Mortg. Co. of Md.*, No. AW-11-CV-01674, 2011 WL 4985437, at *4 (D. Md. Oct. 18, 2011) (dismissing on *res judicata* grounds plaintiff's claims, *inter alia*, for fraud, fraudulent misrepresentation, and intentional infliction of emotional distress, as "Plaintiff had a fair opportunity to present claims against Defendants during the prior foreclosure proceedings"); *Jones*, 2011 WL 382371, at *5 (FDCPA claim and state tort claims could have been brought in foreclosure action; *Anyanwutaku*, 85 F. Supp. 2d at 571 (illegal foreclosure claim and state tort claims could have been brought in state court foreclosure action).

Betskoff alleges that fraud prevented him from bringing these claims previously, claiming that he "recently found out that the deceptive and misleading misrepresentations in the collection actions against him consisted of the use of a uniform sworn statement by an unauthorized representative of Rosenberg and Associates LLC attesting to acts, under oath, which were untrue." Compl. ¶ 17. He asserts that the "uniform deceptive and misleading affidavits by supposed agents

of JPMorgan Chase and by Rosenberg attorneys acting on their own behalf and on the purported behalf of JPMorgan Chase . . . were filed in support of an alleged default against Betskoff on June 21, 2013." *Id.* Additionally, he claims that he "had no reason to know of the true illegal nature of the Defendants' illegal collection activities until he recently became aware of the illegal actions." *Id.* ¶ 18.

It is true that "fraud and illegality" are exceptions to the rule that "a final ratification of sale is res judicata as to the validity of such sale." *Bassoff v. Treanor, Pope & Hughes P.A.*, No. RDB-14-3753, 2015 WL 8757651, at *8 (D. Md. Dec. 15, 2015) (quoting *Jones v. Rosenberg*, 940 A.2d 1109, 1119 (Md. Ct. Spec. App. 2008)). Nevertheless, for fraud to prevent the application of *res judicata* under these circumstances, Betskoff would have to "show extrinsic fraud, not intrinsic fraud." *Jones*, 940 A.2d at 1119 (citing *Manigan v. Burson*, 862 A.2d 1037, 1041 (Md. Ct. Spec. App. 2004)).

> *[A]n enrolled decree will not be vacated even though obtained by the use of forged documents*, perjured testimony, or any other frauds which are "intrinsic" to the trial of the case itself. Underlying this long settled rule is the principle that, once parties have had the opportunity to present before a court a matter for investigation and determination, and once the decision has been rendered and the litigants, if they so choose, have exhausted every means of reviewing it, the public policy of this State demands that there be an end to that litigation ...[.] This policy favoring finality and conclusiveness can be outweighed only by a showing "that the jurisdiction of the court has been imposed upon, or that the prevailing party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversy."

*Id.* (emphasis added) (quoting *Billingsley v. Lawson*, 406 A.2d 946, 951 (Md. Ct. Spec. App. 1979)).

The Maryland Court of Special Appeals further explained that "[f]raud is extrinsic when 'it actually prevents an adversarial trial but is intrinsic when it is employed during the course of the hearing which provides the forum for the truth to appear, albeit, the truth was distorted by the complained of fraud.'" *Id.* (quoting *Manigan,* 862 A.2d at 951).

9

> Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side,-these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing.

*Schwartz v. Merchants Mortg. Co.*, 322 A.2d 544, 547 (Md. 1974) (quoting *United States v. Throckmorton*, 98 U.S. 61, 95 (1878)). Thus, Betskoff's allegations of fraud in the documents offered to the state court during the Foreclosure Action do not prevent the doctrine of *res judicata* from barring relitigation of the final sale. *See id.*; *Jones*, 940 A.2d at 1119.

Moreover, even if the alleged fraud could have been a basis for setting aside the foreclosure sale, after Betskoff filed suit in this Court and alleged that he only recently learned about Defendants' allegedly fraudulent conduct, he continued to file motions in state court. *See* State Ct. Docket (motion for sanctions, motion for reconsideration, appeal, motion for reconsideration of order granting possession of property). Accordingly, as his challenge to the foreclosure sale continued, he could have brought the claims now pending in this Court. Thus, Defendants have satisfied the second element of claim preclusion. *See Boyd*, 806 A.2d at 325.

### 3. *Final judgment on the merits*

Betskoff argues that the foreclosure sale was improper because he had removed the Foreclosure Action to this Court prior to the sale. Pl.'s Opp'n 11–12. Yet, he did not seek an injunction barring the sale while the case proceeded in this Court. *See* Docket in GLR-18-672. Moreover, following remand, the state court ratified the sale on May 14, 2018. *See* State Ct. Docket. The ratification of sale constitutes a final judgment for preclusion purposes. *See McGhee v. JP Morgan Chase Bank, N.A.*, No. DKC-12-3072, 2013 WL 4495797, at *6 (D. Md. Aug. 20,

2013) ("The important ruling in foreclosure cases is the circuit court's ratification of the foreclosure sale. 'When a state court finalizes a foreclosure after the "plaintiff was given an opportunity to raise all objections to the foreclosure sale of [a] property,["] that adjudication is a final judgment on the merits.'" (quoting *Capel v. Countrywide Home Loans*, Nos. WDQ-09-2374, WDQ-09-2439, 2010 WL 457534, at *4 (D. Md. Feb. 3, 2010))); *Graves v. OneWest Bank, FSB*, No. PWG-14-1995, 2015 WL 2452418, at *6 (D. Md. May 20, 2015), *recons. denied*, 2015 WL 6769115 (D. Md. Nov. 2, 2015), *aff'd*, 653 F. App'x 788 (4th Cir. 2016). Therefore, there was a final judgment on the merits. *See McGhee*, 2013 WL 4495797, at *6.

Because all three elements of *res judicata* have been met, the claims pending in this Court against the Substitute Trustees are precluded and must be dismissed with prejudice.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is, this 16th day of August, 2019, hereby ORDERED that

1. Defendants' Motion to Dismiss, ECF No. 12, IS GRANTED;
2. Plaintiff's Complaint IS DISMISSED with prejudice; and
3. The Clerk SHALL MAIL a copy of this Memorandum Opinion and Order to Plaintiff and CLOSE this case.

/S/
Paul W. Grimm
United States District Judge

lyb